**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **CORINE EDWARDS**<br><br>Plaintiff,<br><br>VS.<br><br>**TARGET CORPORATION**<br><br>Defendant(s). | **CIVIL ACTION NO.:**<br><br>____________________ |

**COMPLAINT FOR DAMAGES**

COMES NOW Corine Edwards, by and through undersigned counsel of record, and files this Complaint for Damages and respectfully shows this Honorable Court as follows:

**BASIS FOR RENEWAL**

1.

This case arises out of an injury that occurred on or about November 20, 2020 .The statute of limitations for such an action was November 20, 2022. O.C.G.A. § 9-3-33. “When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or

within six months after the discontinuance or dismissal, whichever is later..." O.C.G.A. § 9-2-61(a).

2.

This case is a renewal of a previously filed action, State Court of Hall County Civil Action Number: 2022SV807Z .A copy of the Complaint for the same is attached hereinto as Exhibit A and incorporated by reference pursuant to Friedman v. Goodman, 219 Ga. 152, 159(3)(b) (1963). Exhibit A was filed on September 26,2022, within the statute of limitations under Georgia Law.

3.

Defendant(s) was/were served with a copy of the aforementioned Complaint on or about October 20,2022. A copy of the Entry of Service Affidavit(s) for the same is/are attached hereinto as Exhibit B and incorporated by reference pursuant to Friedman v. Goodman, 219 Ga. 152, 159(3)(b) (1963). "[W]here the issue is the reasonableness of the service on defendant, outside the statute of limitation, of a timely-filed action, the original action is not void, but is merely voidable and, therefore, subject to renewal." Allen v. Kahn, 231 Ga. App. 438, 439 (1998). "Inasmuch as diligence in perfecting service of process in an action properly refiled under O.C.G.A. § 9-2-61(a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an

affirmative defense in the renewal action." Hobbs v. Arthur, 264 Ga. 359, 360–61(1994).

4.

To the extent that "it is necessary for [a] renewal petition to show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under [O.C.G.A. § 9-2-61], that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition," Belcher v. Folsom, 258 Ga. App. 191, 192 (2002), a copy of the Plaintiff's dismissal without prejudice is attached hereinto as Exhibit C and incorporated by reference pursuant to Friedman v. Goodman, 219 Ga. 152, 159(3)(b) (1963).

## VENUE AND JURISDICTION

5.

Corine Edwards is a natural person domiciled in the State of Kentucky.

6.

Target Corporation is a corporation, limited liability company, limited liability partnership, or company, organized under the laws of the State of Delaware with a principal place of business located in Minnesota.

7.

There is complete diversity among the parties.

8.

The amount in controversy exceeds $75,000.00.

9.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

10.

A substantial part of the events or omissions giving rise to the claim occurred within this district.

11.

This venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL FACTS COMMON TO ALL COUNTS

12.

Plaintiff hereby incorporates all previous paragraphs of this complaint.

## THE PREMISES

13.

That on or about November 20, 2020 Target Corporation owned and/or operated a Store located at 514 Shallowford Road, Gainesville, Georgia 30504 (hereinafter, "premises").

14.

On or about November 20, 2020 Target Corporation, by express or implied invitation, induced or lead Corine Edwards to come upon the premises for a lawful purpose.

15.

On or about November 20, 2020 Corine Edwards was an invitee on the premises owned and operated by Target Corporation.

## CONDITIONS LEADING TO INJURY

16.

While on the premises as an invitee, Corine Edwards tripped and fell on a ball that was loose on the toy aisle.

17.

At all times relevant to this Complaint for Damages, there were no signs and/or warnings to put plaintiff on notice of a potentially dangerous hazard.

## INJURIES AND DAMAGES

18.

The aforementioned circumstances pled in this complaint resulted in serious injuries to Plaintiff's body.

19.

As a proximate and foreseeable result of the aforementioned injuries, the Plaintiff has incurred medical expenses in excess of $45,458.24 and lost wages in excess of $1.00.

20.

As a proximate and foreseeable result of the aforementioned circumstances, the Plaintiff, in addition to the damages pled in this complaint for damages, has and will suffer pain and suffering, aggravation and inconvenience, loss of capacity to work, loss of enjoyment of life, and/or other categories of general damages that logically flow from the Defendant(s) negligent conduct. Plaintiff is entitled to compensation for these general damages in an amount to be determined by a fair and impartial jury.

21.

In accordance with F.R.C.P. 9 (g), Plaintiff states that the special damages incurred because of the negligence of the Defendants are itemized as follows:

**SPECIAL DAMAGES**

| **MEDICAL EXPENSES:** | |
|---|---|
| Electronic Waveform Lab, Inc. | $4,860.00 |
| Onyx Imaging | $2,079.00 |
| Regional Medical Group | $23,924.00 |
| Georgia Emergency Department Services, PC | $1,788.00 |
| Gainesville Radiology Group, PC | $221.00 |
| Northeast Georgia Health System | $9,237.02 |

| | |
|---|---|
| Peachtree Orthopaedic Clinic, PA | $3,349.22 |
| **TOTAL DAMAGES:** | **$45,458.24** |

## COUNT I: PREMISES LIABILITY AS TO TARGET CORPORATION

22.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

23.

Target Corporation has and had a duty to exercise ordinary care in keeping the aforementioned Store and its approaches safe. O.C.G.A. § 51-3-1.

24.

Target Corporation breached the aforementioned duty on November 20, 2020 by failing to use ordinary care in preventing hazardous conditions which could result in an injury.

25.

Target Corporation's breach of duty actually and proximately caused the injuries pled by Plaintiff in this Complaint for Damages.

26.

As a reasonable and foreseeable result of Target Corporation's breach of duty, Plaintiff has incurred damages as pled in this Complaint for Damages.

27.

Plaintiff has a cause of action against defendant Target Corporation for negligence arising from its premises liability.

28.

Plaintiff is entitled to recover from Target Corporation for Plaintiff's past and future medical expenses, past and future lost wages, and past and future pain and suffering.

**WHEREFORE,** the Plaintiff prays that:

a. Summons be issued as to the Defendant(s);
b. that the Defendant(s) be called to answer this Complaint for Damages;
c. that a trial be held on all issues so triable;
d. that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;
e. that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: Bo Phillips Co. v. R.L. King Properties, LLC, 336 Ga. App. 705 (2016);
f. that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,
g. such further relief as this Court determines is adequate and just.

Executed today, March 3, 2025.

**DOZIER LAW FIRM, LLC**

David Thomas Dorer
Georgia Bar No.: 934408
Attorney for Corine Edwards

DOZIER LAW FIRM, LLC
487 Cherry Street
Post Office Box 13
Macon, Georgia, 31201-0013
(p): 478-742-8441
(f): 478-745-0997
(e): dorerlawteam@dozierlaw.com